JEREMIAH WALTERS, plaintiff in error, *vs.* B. R. CROASDALE & COMPANY, defendants in error.

This was an action brought by the plaintiff on a promissory note for $244 83 against the defendant, who pleaded in defense thereof, that the note was given for a commercial fertilizer known in the market as "Croasdale's Superphosphate of Lime," and that the article purchased was of no value as a fertilizer, and that the consideration for which the note was given had failed. There was evidence on both sides as to the value of this fertilizer by those who had used it on their land, the defendant swearing that it was of no value to him. The jury

Walters *vs.* Croasdale & Company.

found a verdict for the plaintiff. The defendant made a motion for a new trial, on several grounds, as set forth in the record, which was overruled by the Court, and the defendant excepted:

*Held*, That the plaintiff warranted the article sold to be a merchantable article, and reasonably suited to the use intended, and that there is sufficient evidence in the record to sustain the verdict of the jury on that point in the case.

There was no error in the Court in ruling out the copy letter of Adelburg & Raymond to Stone, Parmelee & Company, under the statement of facts contained in the record, or in admitting the evidence of Gunn & Knott and Zeilin, or in overruling the motion for a new trial.

Evidence. New trial refused. Before Judge HARRELL. Dougherty Superior Court. February, 1871.

Walters made his promissory note payable to B. R. Croasdale & Company " for value received in superphosphate of lime." He was sued thereon by B. R. Croasdale & Company. He pleaded that the consideration of the note failed (partially and totally) in that the note was given for an article represented as Croasdale's superphosphate of lime, as a genuine superphosphate of lime and a good fertilizer, whereas it was not a genuine superphosphate of lime and not a good fertilizer, but was wholly useless.

The evidence showed that Zeilin & Company, of Macon, Georgia, were the agents for selling Croasdale's superphosphate of lime, sold what they represented as that article, and for it took said note; that the sale was made by an exhibition of a sample and certificates of its great value as a fertilizer. Zeilin testified that he had tried some of the same shipment and found it better than any other commercial manure, and that he sold it to various persons, among whom were Gunn and Knott. Gunn and Knott testified that that which they bought of Zeilin & Company was better than other commercial manures. Neither of these witnesses pretended to know anything about the properties of it nor anything of its value, except by what they had severally used and known others to use. This evidence was objected to because it was not shewn that that used by these witnesses contained

the same properties as that sold to Walters. Walters testified that the sample which was shown him was finely pulverized and free from trash; that he found his full of lumps and trash, and fearing it was not good, put about a pint of it in a glass vessel and kept it, though he used the balance, without having made any offer to return it. He said it was useless to him; that it was not as good a fertilizer as common stable manure. He handed this glass vessel full of it to Mr. Parmelee, of New York, with a request that he would have it analyzed for him. Parmelee testified that he took said vessel full of it to New York and delivered it to Addleburg & Raymond for analysis. They testified that they handed this vessel, as received from Parmelee, to their assistant, an analytical chemist, and from him got a report, which they sent to Stone, Parmelee & Company, which they forwarded to Walters. To the interrogatories of Addleburg & Raymond was attached a copy of this report. From this report, Addleburg & Raymond testified that the sample shown them was not superphosphate of lime and a very poor fertilizer. This report was objected to because it was but hearsay, and was rejected.

The Court charged the jury that, "sellers, in all cases, (unless expressly or from the nature of the transaction excepted) warrant the article sold as merchantable and reasonably suited to the use intended." The verdict was for plaintiffs for the amount of the note. Walters moved for a new trial upon the grounds that the Court erred in rejecting the copy report attached to Addleburg & Raymonds answers, in admitting the testimony of Zeilin, Gunn and Knott, and because the verdict was contrary to the law and the charge of the Court, and decidedly and strongly against the weight of the evidence. The new trial was refused and that is assigned as error.

WILLIAM E. SMITH, for plaintiff in error.

HINES & HOBBS, for defendants.

WARNER, Judge.

Let the judgment of the Court below, overruling the motion for a new trial in this case, be affirmed.